IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Criminal No. 08-90 |
| TODD SEWELL | ) | |
| | ) | |
| | ) | |

## MEMORANDUM ORDER

### I. Introduction

Before this Court is Defendant's Motion for Severance of Counts with Citation of Authority. (Docket No. 30). The defendant, Todd Sewell, is charged in the indictment filed against him at Criminal No. 08-90 at Count One with possession with intent to distribute 6.03 grams of crack cocaine; at Count Two with distribution and possession with intent to distribute .08 grams of crack cocaine; and at Count Three with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). Sewell argues that the three separate counts of the indictment were improperly joined under Rule 8(a) of the Federal Rules of Criminal Procedure, insofar as "the offenses charged in the three counts are not sufficiently similar to one another to justify joinder." (Docket No. 30 at ¶9). Alternatively, Sewell contends that even if properly joinded in the indictment, we should sever the counts and try each count separately, pursuant to Rule 14 of the Federal Rules of Criminal Procedure "because joinder would prejudice [Sewell] and deny him a fair trial on each count." (Docket No. 30 at ¶ 15). For the following reasons, we will deny Sewell's Motion for Severance of the three counts of the

indictment. However, we will bifurcate trial such that the jury will first hear evidence related to Counts One and Two and, after reaching a verdict on these two counts, will thereafter hear evidence related to Count Three of the indictment.

The government alleges in Count One that on or about April 17, 2007, Sewell knowingly, intentionally and unlawfully possessed with intent to distribute 5 grams or more of cocaine base, in the form of crack in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). According to Sewell, this count relates to his arrest for the allegations charged in Count Two. The 6 grams of cocaine base was seized by Allegheny County jail guards during the in-take process after this arrest. (Docket No. 30 at ¶ 8). In Count Two, the government alleges that on or about March 22, 2007, Sewell knowingly, intentionally and unlawfully possessed with intent to distribute and distribute less than 5 grams of crack, in violation 21 U.S.C. §§841(a)(1) and 841(b)(1)(C). Count Three of the indictment alleges that, on or about December 24, 2006, after having been convicted in the Court of Common Pleas of Allegheny County on August 20, 2001 and September 22, 2004, of delivery of a controlled substance, crimes punishable by imprisonment for a term exceeding one year, knowingly possessed a Smith and Wesson semi-automatic 9mm pistol, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

Sewell specifically argues that the three counts of the indictment should be severed under Rule 14 insofar as "the three counts are unconnected to one another and each count is provable by entirely different evidence." (Docket No. 30 at ¶ 14). Moreover, Sewell contends that, although two of the counts allege a § 841(a) drug offense, joinder of the offenses would be unfairly prejudicial to him, as they are not part of a common plan or scheme. (Docket No. 30 at § 15). Sewell argues that if the three charges are joined, the jury may cumulate the evidence

2

and/or infer a criminal disposition, and, therefore, trying these counts in one trial would unfairly prejudice him. (Docket No. 30 at ¶ 18). Sewell also contends that all three counts of the indictment should be severed because "the evidence on any one count is not admissible as to the other counts ... ." (Docket No. 30 at ¶ 20). He contends, "the costs in time and resources of trying the three counts separately as [sic] nothing when compared to the substantial harm and prejudice to [Sewell] ... from trying him once on all three charges." (Docket No. 30 at ¶ 17).

In response, the government opposes severance of the counts of the indictment. Specifically, the government contends that it is well within the discretion of the trial court to deny severance, insofar as Sewell has failed to meet his heavy burden of showing how he would be prejudiced specifically. (Docket No. 33 at ¶5). The government also argues that Counts One and Two arise from the same ongoing investigation into Sewell's drug dealing. Concerning Counts One and Two, the government avers that "[b]oth counts stem from one investigation and should be prosecuted together." (Docket No. 33 at ¶ 8). In regard to Count Three, the government argues that we could give an appropriate jury instruction in order to avoid any confusion on the part of the jury. (Docket No. 33 at ¶ 9).

## II. Discussion

Rule 8(a) of the Federal Rules of Criminal Procedure provides as follows:

> The indictment or information may charge a defendant in separate counts with two or more offenses if the offenses charged — whether felonies or misdemeanors— are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

In determining whether joinder is appropriate under Rule 8(a), the Court may look beyond the

3

face of the indictment and may consider other pre-trial documents, which may clarify the factual connections between the counts charged in the indictment. Fed.R.Crim.P. 8(a); see also U.S. v. McGill, 964 F.2d 222, 242 (3d Cir. 1992). The purpose of Rule 8(a) is "to promote economy of judicial and prosecutorial resources." U.S. v. Gorecki, 813 F.2d 40, 41 (3d Cir. 1987) (citing United States v. Werner, 620 F.2d 922, 928 (2d Cir. 1980). As such, the Court may take into consideration such factors as speed and efficiency in the functioning of the federal courts when determining whether joinder is proper. Id. (citing U.S. v. Park, 531 F.2d 754, 761 (3d Cir. 1976)). "The United States Court of Appeals for the Third Circuit has indicated that joining offenses is appropriate where there is a 'transactional nexus' between the offenses, and that the relevant inquiry is usually whether 'the offenses ... to be joined arise out of a common series of acts or transactions,' although '[t]his need not always be the case.'" U.S. v. Dileo, 859 F. Supp. 940, 942 (W.D. Pa. 1994) (quoting U.S. v. Eufrasio, 935 F.2d 553, 570 n. 20. (3d Cir. 1991)). Likewise, under Rule 8(a), joinder is appropriate when "offenses are of the same or similar character." U.S. v. McGill, 964 F.2d 222, 241 (3d Cir. 1992) (quoting . U.S. v. Eufrasio, 935 F.2d at 570, n. 20).

    In this case, there are three separate offenses, with which Sewell is charged. The government contends that the first two counts of the indictment "concern an ongoing investigation of the defendant and his distribution of crack." (Docket No. 33 at ¶ 4). Both Count One and Two relate to possession of crack cocaine. According to the government, Sewell is alleged to have sold drugs to an informant in March of 2007. In April of 2007, pursuant to an arrest warrant, the police arrested Sewell based on this buy. The government alleges that the crack cocaine that is the subject of Count Two was seized from Sewell by intake officers at the

4

time of this arrest. We find that Counts One and Two are properly joined, insofar as both offenses charged are of the same or similar character. Moreover, based on the government's allegations in the indictment, there is a logical nexus between the alleged possession and distribution of less than 5 grams of crack cocaine, and his alleged possession of more than 5 grams of crack cocaine at the time of his intake. The government has set forth that both transactions were part of a common scheme or plan to distribute crack cocaine. Sewell has not shown otherwise and, as such, it would be an inappropriate use of resources to sever these counts of the indictment.

Pursuant to Rule 14 of the Federal Rules of Criminal Procedure, assuming that counts of an indictment are properly joined, it is within the discretion of the trial court to sever the indictment:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed.R.Crim.P. 14(a). Sewell argues that, assuming joinder is proper under Rule 8(a), we should sever the counts of the indictment. Severance under Rule 14 is within this Court's discretion. "Severance decisions under Rule 14 require the district court to weigh the potential for prejudice to the defendant from joinder against the conservation of judicial resources that joinder will occasion. Striking the appropriate balance is within the sound discretion of the district courts." U.S. v. Joshua, 976 F.2d 844 (3d Cir. 1992) (abrogated on other grounds by Stinson v. U.S., 508 U.S. 36, 113 (1993))As indicated above, Counts One and Two are properly joined. We will not sever them under Rule 14, insofar as Sewell has not shown how he will be prejudiced by trying

5

these two counts of the indictment together. More specifically, because the facts alleged in Counts One and Two are related to the possession of crack cocaine with intent to sell, and because Sewell's arrest for Count One led to the charges alleged in Count Two, these two Counts are certainly properly joined. It would be an improper use of judicial time and resources to try these counts separately.

In regard to Count Three of the indictment, the allegations in the indictment allege that on in December 2006, Sewell was in possession of a firearm, after having been convicted in state court for delivery of a controlled substance in August of 2001 and September of 2004. This Count of the indictment is properly joined, insofar as the indictment suggests that it is part of a common scheme or plan. Specifically, the arrest of Sewell for possession of a firearm was connected to his past convictions for distribution of a controlled substance. As such, the allegations in Count Three are related to a common and/ or ongoing alleged scheme or plan to distribute controlled substances. As such, we do not find it an appropriate use of judicial resources to sever Count Three from Counts One and Two.

However, the Court agrees with Sewell that there may be evidence, admissible in Count Three, that would be inadmissible in the case against him for Counts One and Two, which would unfairly prejudice Sewell. For Count Three, the government must establish beyond a reasonable doubt that the defendant knowingly possessed firearms, that he was previously convicted of a felony offense punishable by a term of imprisonment exceeding one year, and that the firearm had previously traveled in interstate commerce. For Count One, the government will have to prove the following elements beyond a reasonable doubt: (1)that Sewell possessed with intent to distribute the controlled substance; (2) that he did so knowingly and intentionally; (3)

6

that cocaine base is a Schedule II controlled substance; and (4) that the mixture or substance seized contained a detectable amount of cocaine base on 5 grams or more. For Count Two, the government will have to prove: (1) that Sewell distributed and or possessed with intent to distribute a controlled substance; (2) that he did so knowingly and intentionally; (3) that cocaine base is a Schedule II controlled substance. Evidence of Sewell's prior felony conviction would be prejudicial to Sewell in the trial of these two counts. Moreover, the elements of Counts One and Two are distinct from those that must be proved by the government in Count Three, and evidence will likely not overlap. As such, that in order to balance the interest of judicial economy with the potential prejudice to Sewell, the trial must be bifurcated. A bifurcated trial here will address Sewell's concerns that his prior felony conviction will prejudice him while the jury deliberates on Counts One and Two. See Joshua, 976 F.2d at 848 (holding that bifurcation of trial was appropriate: "...[I]ntroducing evidence of the defendant's criminal record in order to prove weapons possession charge would prejudice the defendant during the jury's deliberations ... The bifurcated trial procedure here addresses that concern. ... At the same time, this procedure is considerably more efficient than conducting an entire new jury trial ...").

## III. Conclusion

Based on the foregoing, it is hereby Ordered that Defendant Sewell's Motion for Severance of Counts is DENIED. However, we further Order that trial will be bifurcated. Sewell will first be tried on Counts One and Two. Following the jury's deliberation and verdict on these two counts, we will try Count Three of the indictment.

January 8, 2009
Date

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Counsel of record